UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| CARMEN JOHN PERRI, | CASE NO. C19-0139JLR |
|---|---|
| Plaintiff, | ORDER TO CAUSE WHY PLAINTIFF AND DEFENDANT SHOULD NOT BE SANCTIONED FOR THEIR FAILURE TO TIMELY COMPLY WITH THE COURT'S ORDER |
| v. | |
| 621 APARTMENTS, LLC, | |
| Defendant. | |

On April 16, 2019, the court issued an order to show cause, which required a response by April 23, 2019. (OSC (Dkt. # 5).) Both Plaintiff Carmen John Perri and Defendant 621 Apartments LLC failed to timely respond to the court's order. (*See generally* Dkt.) A court may impose sanctions based on a party's failure to prosecute an action, obey a court order, or comply with the court's local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (imposing sanctions for failure to comply with an order); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (imposing sanctions for failure to comply with a court order). Accordingly, the court

ORDERS both Plaintiff and Defendant to show cause within seven days of the date of this order why the court should not impose sanctions for their failure to timely comply with the court's April 16, 2019, order.

To avoid sanctions, Plaintiff and Defendant must (1) explain in detail why they failed to comply with the court's April 16, 2019, order, and (2) demonstrate "just cause" for their noncompliance. *See* Local Rules W.D. Wash. LCR 11(c) ("An attorney or party who without just cause fails to comply with any . . . order of the court . . . may be subject to such . . . sanctions as the court may deem appropriate."). The court warns that, if the parties fail to timely respond to this order to show cause, the court may dismiss this action with prejudice or enter default judgment as appropriate. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002) (discussing factors the court must consider in determining whether to dismiss a case for failure to prosecute or comply with a court order); *Pray v. M/Y NO BAD DAYS*, 303 F. App'x 563, 564 (9th Cir. 2008) (ruling that because "the district court adequately considered the appropriate factors . . . terminating sanctions were within its discretion," including the entry of default judgment).

Dated this 24th day of April, 2019.

JAMES L. ROBART
United States District Judge